IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GNAMIEN MOMOU,

    Plaintiff,

    v.

SSM HEALTHCARE OF WISCONSIN, INC.
 d/b/a SSM HEALTH ST. MARY'S HOSPITAL,

    Defendant.

Case No. 22-1175-JAR-GEB

## MEMORANDUM AND ORDER

On May 1, 2023, Plaintiff Gnamien Momou, proceeding pro se, submitted for filing a document captioned "Amended Complaint for Damages. Motion for Summary Judgment. Relief demanded. Motion to deny all Defendant's Motions." The Clerk docketed this submission as both an Amended Complaint (Doc. 10) and a Motion for Summary Judgment (Doc. 11). As described below, to the extent this document moves for summary judgment it is denied without prejudice.

Plaintiff generally alleges in his amended pleading that previous medical malpractice cases he filed in other jurisdictions were incorrectly dismissed and asks this Court to reopen them. Plaintiff suggests that he can bring federal claims under the False Statements Act and Title VI of the Civil Rights Act, and because he asserts a constitutional due process violation.

Summary judgment is appropriate if the moving party demonstrates "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law."[1] In applying this standard, the Court views the evidence and all reasonable inferences therefrom

---

[1] Fed. R. Civ. P. 56(a).

in the light most favorable to the nonmoving party.[2]  "There is no genuine [dispute] of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party."[3]  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[4]  A dispute of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[5]  To prevail on a motion for summary judgment on a claim upon which the moving party also bears the burden of proof at trial, the moving party must demonstrate that "no reasonable trier of fact could find other than for the moving party."[6]

In deciding this motion, the Court is mindful that Plaintiff proceeds pro se; therefore, the Court must construe his pleadings liberally.[7]  However, pro se plaintiffs may not rely on conclusory allegations to overcome their burden to establish that a general issue of material fact exists.[8]  The Court cannot assume the role of advocate,[9] nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[10]

The Court has liberally construed Plaintiff's pleading and finds that summary judgment is not warranted.  First, there is no record upon which this Court can find facts that are

---

[2] *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010) (citing *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1210 (10th Cir. 2008)).

[3] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986)).

[4] *Wright ex rel. Tr. Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[5] *Adler,* 144 F.3d at 670 (citing *Anderson,* 477 U.S. at 248).

[6] *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Hastings v. Campbell*, 47 F. App'x 559, 560 (10th Cir. 2002).

[9] *Hall*, 935 F.2d at 1110.

[10] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

uncontroverted and Plaintiff has failed to comply with this Court's local rule governing motions for summary judgment.[11]  Second, Plaintiff does not meet his high burden of demonstrating as the moving party who also bears the burden of proof on his claims that no reasonable trier of fact could find other than for him.  Finally, Defendant raises several threshold jurisdictional defenses in its Answer, which this Court should consider once properly raised and briefed, before it considers the merits of the case.  In sum, Plaintiff's motion is premature and fails to meet the applicable standard.  It is therefore denied without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Summary Judgment (Doc. 11) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: June 2, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[11] *See* D. Kan. R. 56.1.