# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GNAMIEN C. MOMOU,

    **Plaintiff,**

    v.                                                           Case No. 22-1175-JAR-GEB

SSM HEALTHCARE OF WISCONSIN, INC.
d/b/a SSM HEALTH ST. MARY'S HOSPITAL,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Gnamien Momou, proceeding pro se and in forma pauperis, brings this action against Defendant SSM Healthcare of Wisconsin, Inc. d/b/a SSM Health St. Mary's Hospital ("SSM"), alleging medical malpractice in his deceased wife's care by the doctors at St. Mary's Hospital after she was diagnosed with cancer.  He claims that previous medical malpractice cases he filed in other jurisdictions were incorrectly dismissed and asks this Court to reopen them.  He also claims Defendant violated the Health Insurance Portability and Accountability Act ("HIPAA") by not producing to him his wife's medical records, and asks that this Court order the Department of Justice or "the Department of Health Services"[1] to investigate the HIPAA violations.  Plaintiff also claims a Fourteenth Amendment due process violation tied to his right to receive his wife's private medical information.

Before the Court is Defendant's Motion for Summary Judgment (Doc. 16) based on claim preclusion, lack of personal jurisdiction, and improper venue.  The motion is fully briefed and the Court is prepared to rule.  As described more fully below, the Court grants Defendant's

---

[1] *See* Doc. 24.

motion for summary judgment on Plaintiff's malpractice claims under the doctrine of claim preclusion. The remaining claims are dismissed for lack of personal jurisdiction and improper venue. As such, Plaintiff's Motion in Limine (Doc. 26),[2] Motion for Extension of Time (Doc. 29), and Motion to Compel (Doc. 34) are moot. Plaintiff's Motion for Writ of Mandamus (Doc. 24) is denied.

## I.     Defendant's Motion for Summary Judgment

### A.     Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law."[3] In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[4] "There is no genuine [dispute] of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party."[5] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[6] A

---

[2] In the body of this filing, Plaintiff seeks certain orders in limine, but it is titled "Reply Brief in Support of his Motion for Summary Judgment." Plaintiff filed his own Motion for Summary Judgment on May 1, 2023 (Doc. 11), yet the Court denied that motion in a June 2, 2023 Memorandum and Order (Doc. 15), so this reply brief is moot to the extent it relates to Plaintiff's summary judgment motion. The Court has fully considered this filing, however, to the extent it responds to Defendant's summary judgment motion. The Court has also considered Plaintiff's August 8, 2023 filing he labeled, "Plaintiff Reply in Opposition to His Notice Of HIPAA Investigation and Conversion of Medical Records Filing With OCR" (Doc. 32), since it addresses arguments raised by Defendant in its motion for summary judgment.

[3] Fed. R. Civ. P. 56(a).

[4] *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010) (citing *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1210 (10th Cir. 2008)).

[5] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986)).

[6] *Wright ex rel. Tr. Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

dispute of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[7]

The moving party initially must show the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law.[8] Once the movant has met the initial burden of showing the absence of a genuine dispute of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[9] The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[10] Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[11] In setting forth these specific facts, the nonmovant must identify the facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[12] A nonmovant "cannot create a genuine issue of material fact with unsupported, conclusory allegations."[13] A genuine issue of material facts must be supported by "more than a mere scintilla of evidence."[14]

Finally, summary judgment is not a "disfavored procedural shortcut"; on the contrary, it is an important procedure "designed to 'secure the just, speedy and inexpensive determination of

---

[7] *Adler,* 144 F.3d at 670 (citing *Anderson,* 477 U.S. at 248).

[8] *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[9] *Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324; *Spaulding*, 279 F.3d at 904 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[10] *Anderson*, 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

[11] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 670–71).

[12] *Adler*, 144 F.3d at 671.

[13] *Tapia v. City of Albuquerque*, 170 F. App'x 529, 533 (10th Cir. 2006) (citing *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1237 (10th Cir. 2004)).

[14] *Black v. Baker Oil Tools, Inc.*, 107 F.3d 1457, 1460 (10th Cir. 1997).

every action.'"[15]  In responding to a motion for summary judgment, a party cannot rest on "ignorance of the facts, on speculation, or on suspicion" to escape summary judgment.[16]

In deciding this motion, the Court is mindful that Plaintiff proceeds pro se; therefore, the Court must construe his pleadings liberally.[17]  However, pro se plaintiffs may not rely on conclusory allegations to overcome their burden to establish that a general issue of material fact exists.[18]  The Court cannot assume the role of advocate,[19] nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[20]

### B. Uncontroverted Facts

Pro se litigants must follow rules of procedure, including local rules.[21]  The same day that Defendant filed its motion for summary judgment, it sent Plaintiff a "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment," explaining Plaintiff's burdens under Federal Rule of Civil Procedure 56 and District of Kansas Local Rule 56.1 in responding to the motion for summary judgment.[22]  Defendant complied with this Court's local rule governing motions for summary judgment by beginning its brief with a section that, in numbered paragraphs, "contains a concise statement of material facts as to which the movant contends no genuine issue exists."[23]

---

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

[16] *Genzer v. James River Ins. Co.*, 934 F.3d 1156, 1160 (10th Cir. 2019) (quoting *Conaway v. Smith*, 853 F.3d 789, 794 (10th Cir. 1988)).

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[18] *Hastings v. Campbell*, 47 F. App'x 559, 560 (10th Cir. 2002).

[19] *Hall*, 935 F.2d at 1110.

[20] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[21] *Smith v. Jones*, 606 F. App'x 899, 901 (10th Cir. 2015); *Smith v. Hollinghead*, No. 20-3179-SAC, 2022 WL 2355401, at *2 (D. Kan. June 30, 2022).

[22] Doc. 17.

[23] D. Kan. R. 56.1(a).

That rule also provides that "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."[24]  Likewise, under the federal rule, if a party does not address a statement of fact, the Court may "consider the fact undisputed for purposes of the motion."[25]

In opposition to summary judgment, Plaintiff submitted his own affidavit, and he filed a brief entitled "Reply Brief in Support of his Motion for Summary Judgment," which this Court has considered as a response to Defendant's summary judgment motion.[26]  Plaintiff does not address Defendant's statements of uncontroverted fact as required by the local rule in either filing.  Therefore, under Rule 56(e)(2) and D. Kan. Rule 56.1(a), the Court will deem undisputed the facts presented in Defendant's summary judgment brief, to the extent they are supported by the record.

The following material facts are deemed uncontroverted and viewed in the light most favorable to Plaintiff as the nonmoving party.

Plaintiff Gnamien Momou is a resident of the State of Kansas.  SSM Healthcare of Wisconsin is a Missouri corporation with its principal place of business in St. Louis, Missouri.  Defendant does business as SSM Health St. Mary's Hospital, located at 700 S. Brooks Street, Madison, Wisconsin, 53715.

Plaintiff's wife was diagnosed with stage 4 ovarian cancer in 2016.  She was eventually treated at St. Mary's Hospital in Madison, Wisconsin.  Physicians there performed a biopsy that resulted in complications and she was placed in the ICU to recover, where she almost died.  His wife's cancer metastasized.  She eventually had surgery, but she passed away on March 5, 2020.

---

[24] *Id.*

[25] Fed. R. Civ. P. 56(c), (e)(2).

[26] Doc. 27.

Plaintiff maintains that the biopsy results, imaging test results, and other medical assessments were withheld from he and his wife when they asked for that information. Plaintiff asserts that the biopsy caused his wife's cancer to spread, and that that her subsequent surgery was done in error.

Plaintiff filed suit in the United States District Court of the Western District of Wisconsin on January 8, 2020 against SSM and others, including his health insurer. That court construed Plaintiff's claims as arising under state law—negligence, medical malpractice, breach of contract, and bad faith insurance. The court dismissed these claims for lack of subject matter jurisdiction because there was no federal question, and no diversity of citizenship. The court also addressed Plaintiff's reference to several federal statutes in his filings:

> [S]ome of the federal laws plaintiff invokes do not contain private rights of action; and, more to the point, while plaintiff generally describes the purpose of each federal law, he does not allege *any* facts plausibly suggesting that the defendants violated any of these laws in this case, nor is it at all apparent how any of them could apply.
>
> . . .
>
> Still, plaintiff appears to believe that because some or all of the named defendants may be subject to these federal laws, the court has jurisdiction over this case under § 1331. As noted, however, a claim must arise under federal law for § 1331 to apply; it is not enough to allege that a defendant is generally subject to a given federal law.[27]

The federal court in Wisconsin therefore dismissed the action for lack of subject matter jurisdiction, explaining to Plaintiff that he may be able to pursue his state law claims in state court.

---

[27] Doc. 16-3 at 5–6 (citations omitted).

On January 13, 2021, Plaintiff filed an action in Dane County, Wisconsin Circuit Court ("Wisconsin State Action") against SSM and others. The Dane County Circuit Court granted the defendants' motion for summary judgment on the medical malpractice claims because they were untimely under the governing statute of limitations, and, as to SSM, because there was no genuine issue of material fact that "SSM is a holding company that . . . does not employ DHP or SSM-St. Mary's personnel and that is not involved in either entity's day-to-day operations."[28] The court ruled that it lacked subject matter jurisdiction over Plaintiff's claims to the extent he asserted them under the following federal statutes: Federal Tort Claims Act ("FTCA"), the Employee Retirement Income Security Act of 1974 ("ERISA"), Health Care Quality Improvement Act ("HQIA"), the Hospital Readmissions Reduction Program ("HRRP"), HIPAA, Patient Safety and Quality Improvement Act of 2005 ("PSQIA"), and the Affordable Care Act ("ACA").[29] Plaintiff filed a Motion to Reopen the Wisconsin State Court Action, which was denied. Plaintiff then filed a Second Motion to Reopen the Wisconsin State Court Action in which he alleged that the defendants falsified, obscured, or hid medical records from him. The court denied that motion. Plaintiff did not appeal.

### C.     Discussion

Defendant moves for summary judgment based on claim preclusion, lack of personal jurisdiction, and improper venue. The Court addresses each in turn.

#### 1.     Claim Preclusion: State Law Claims

---

[28] Doc. 16-5 at 9–14.

[29] *Id.* at 8.

Defendant first asks the Court to apply claim preclusion based on the Dane County Circuit Court's decision granting summary judgment to SSM on the same claims.[30] "In determining the preclusive effect of a state court judgment, the full faith and credit statute, 28 U.S.C. § 1738, 'directs a federal court to refer to the preclusion law of the State in which judgment was rendered.'"[31] Under Wisconsin law,

> [t]hree elements are required to establish the application of claim preclusion to bar an action: (1) an identity between the parties or their privies in the prior and present lawsuits; (2) an identity of the causes of action in the two lawsuits; and (3) a final judgment on the merits in a court of competent jurisdiction.[32]

Defendant, as the party asserting claim preclusion applies, bears the burden of proving these elements.[33]

The Court agrees that claim preclusion applies to the Dane County Circuit Court's decision granting summary judgment in favor of SSM on the state law claims Plaintiff asserted in that action. There is an identity between the parties—this Plaintiff sued this Defendant, among others, in the Wisconsin State Action. There is also an identity of the causes of action. Wisconsin applies a transactional analysis to this element, under which "all claims arising out of one transaction or factual situation are treated as being part of a single cause of action and they are required to be litigated together."[34] Like here, Plaintiff alleged claims of negligence and medical malpractice in the Wisconsin State Action. And his claims in this case arise out of the

---

[30] Defendant does not move for claim preclusion based on the Federal Wisconsin case; it concedes that that case was not decided on the merits since it was dismissed for lack of subject matter jurisdiction.

[31] *Nichols v. Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colo.*, 506 F.3d 962, 967 (10th Cir. 2007) (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)).

[32] *Teske v. Wilson Mut. Ins. Co.*, 928 N.W.2d 555, 561 (Wis. 2019) (quoting *N. States Power Co. v. Bugher*, 525 N.W.2d 723, 727 (Wis. 1995)).

[33] *Hull v. Glewwe*, 931 N.W.2d 266, 273 (Wis. Ct. App. 2019).

[34] *Teske*, 928 N.W.2d at 563 (quoting *A.B.C.G. Enters., Inc. v. First Bank Se., N.A.*, 515 N.W.2d 904, 910 (1994)).

same factual situation as the claims in the Wisconsin State Action arising out of his wife's cancer diagnosis and treatment.  In fact, he explicitly asks this Court to "reopen" the Wisconsin State Action in several of his filings.  The Dane County Circuit Court granted summary judgment on the merits of the malpractice claims; therefore, the third element is met as well.

The Court acknowledges Plaintiff's arguments that the Wisconsin State Action was incorrectly decided and that the judge in that case should have recused.  But these are not arguments that impact this Court's claim preclusion analysis, which is relegated to the three requirements discussed above.  Those arguments could have been presented on appeal, but Plaintiff did not appeal that case.

Plaintiff also alleged in the Wisconsin State Action that Defendant was subject to and violated the same federal statutes he identifies in this action, including HIPAA.  The state court did not rule on the merits of these federal claims.  Instead, it dismissed them for lack of subject matter jurisdiction.  Therefore, the Court proceeds to consider Defendant's personal jurisdiction and venue challenges to the extent Plaintiff's federal claims are not precluded by the Wisconsin State Action because they were not decided by "a court of competent jurisdiction."[35]

### 2.     Personal Jurisdiction

A plaintiff bears the burden of establishing personal jurisdiction as to each defendant.[36] "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."[37]  To establish personal jurisdiction over a defendant, a plaintiff must show that

---

[35] *Id.* at 561.  There is some authority that a dismissal for lack of subject matter jurisdiction can be a decision on the merits under Wisconsin law.  *Wisconsin v. Donohue*, 105 N.W.2d 844, 847–48 (1960).  Nonetheless, out of an abundance of caution, the Court proceeds to consider whether the federal claims must be dismissed on alternative grounds.

[36] *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

[37] *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process.[38] The Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, therefore the Court proceeds directly to the constitutional analysis.[39]

The due process analysis is comprised of two steps. First, the Court must consider whether Defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there."[40] If the requisite minimum contacts exist, the Court will proceed to the second step in the due process analysis—ensuring that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'"[41]

"Minimum contacts" can be established in one of two ways: either generally, i.e. "all-purpose jurisdiction," or specifically based on the forum-related activities, i.e. "case-linked jurisdiction."[42] Plaintiff does not allege jurisdiction based on injuries or conduct that occurred in the State of Kansas. Plaintiff's wife's cancer diagnosis and treatment occurred in Wisconsin. All of her medical records were generated in Wisconsin. Therefore, the only way that Plaintiff can establish minimum contacts is through general jurisdiction.

"With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'"[43] It is undisputed that SSM is incorporated

---

[38] *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

[39] *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)).

[40] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159–60 (10th Cir. 2010) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)).

[41] *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[42] *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017).

[43] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (alteration in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).

and has its principal place of business in Missouri, and SSM alleges that it does business as SSM Health St. Mary's Hospital in Wisconsin, where the facts giving rise to this lawsuit occurred. Therefore, neither SSM's state of incorporation nor its principle place of business provides a basis for general jurisdiction in Kansas.

Since SSM is neither incorporated in nor has its principle place of business Kansas, the Court will only have general jurisdiction if SSM's contacts with Kansas are "so 'continuous and systematic' as to render [it] essentially at home in the forum State."[44] Plaintiff admits in the Amended Complaint that SSM is a health care system that has providers and employees in the States of Missouri, Illinois, Oklahoma, and Wisconsin. Nonetheless, Plaintiff asserts that "SSM Health transacts business in the [S]tate of Kansas via affiliates."[45] But even assuming this is true, the presence of some affiliates in the State of Kansas does meet the standard of "continuous corporate operations within a state [that are] so substantial and of such a nature as to justify suit . . . on causes of action arising from dealings entirely distinct from those activities."[46] The Court therefore finds that Plaintiff has not established the requisite minimum contacts with Kansas for personal jurisdiction over this Defendant.

### 3. Venue

Defendant also argues that venue is improper in the District of Kansas. The Court agrees. Under 28 U.S.C. § 1391(b), Plaintiff may file a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[44] *Id.* at 139 (quoting *Goodyear*, 564 U.S. at 919).

[45] Doc. 10 at 13.

[46] *Daimler AG*, 571 U.S. at 138 (quoting *Int'l Shoe Co.*, 326 U.S. at 318).

11

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Venue cannot lie in Kansas under any of these three provisions. It is undisputed that Defendant does not reside in Kansas and that none of the events giving rise to this lawsuit occurred here. And, as described in the previous section, Defendant is not subject to the Court's personal jurisdiction. Therefore, the Court grants summary judgment on the additional ground that venue is improper.

In sum, Defendant's motion for summary judgment is granted. Plaintiff's medical malpractice claims are barred under the doctrine of claim preclusion by the Wisconsin State Action. The remaining claims are dismissed for lack of personal jurisdiction and improper venue.

### III. Plaintiff's Motion for Writ of Mandamus

On June 28, 2023, Plaintiff filed a Motion for Writ of Mandamus, asking this Court "to order the Department of Health Services for a review and release of [his] wife's records."[47] As stated above, this Court has no authority to issue relief in this matter because Plaintiff's claims are either barred by the claim preclusion doctrine, there is no personal jurisdiction over this Defendant, or venue does not lie in this District.

Liberally construing Plaintiff's motion, he seeks mandamus relief under 28 U.S.C. § 1361, which allows the Court "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In order to qualify for this relief, Plaintiff must demonstrate: "(1) that he has a clear right to relief, (2) that the respondent's duty to

---

[47] Doc. 24 at 2.

12

perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy."[48]  As the court in the Wisconsin State Action observed, Plaintiff has no private right of action to enforce his rights under HIPAA,[49] so he cannot meet the first requirement for mandamus relief.  Moreover, Plaintiff has not named as a respondent in this matter the "Department of Health Services" or any other United States' employee that would be subject to mandamus relief.  Plaintiff's Motion for Writ of Mandamus therefore must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Summary Judgment (Doc. 16) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine (Doc. 26), Motion for Extension of Time (Doc. 29), and Motion to Compel (Doc. 34) are **moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Writ of Mandamus (Doc. 24) is **denied**.

**IT IS SO ORDERED.**

Dated: August 25, 2023

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE

---

[48] *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005) (citation omitted).

[49] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010).